UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| HUGH KELLEY GILLIAM, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | NO. 1:17-cv-00035 |
| | ) | CHIEF JUDGE CRENSHAW |
| GILES COUNTY JAIL, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

The Court is in receipt of a *pro se* prisoner Complaint (Doc. No. 1) brought pursuant to 42 U.S.C. § 1983, and an Application to proceed in forma pauperis (Doc. No. 2).

Plaintiff is a pre-trial detainee at the Giles County Jail in Pulaski, Tennessee. It appears from his Application that the Plaintiff lacks sufficient financial resources from which to pay the fee required to file the Complaint. Accordingly, Plaintiff's Application to proceed in forma pauperis is **GRANTED**. The Clerk is directed to file the Complaint in forma pauperis. 28 U.S.C. § 1915(a).

The Plaintiff is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

  (a) twenty percent (20%) of the average monthly deposits to the Plaintiff's inmate trust account; **or**

  (b) twenty percent (20%) of the average monthly balance in the Plaintiff's

1

inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the Plaintiff's preceding monthly income (or income credited to the Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

The Plaintiff brings this action against the Giles County Jail; Kyle Helton, Sheriff of Giles County; and Teresa Maddox, Administrator of the Giles County Jail; complaining about conditions of his confinement. More specifically, the Plaintiff alleges that he has been denied a kosher diet in violation of his religious beliefs (Doc. No. 1 at 5); that when three fellow inmates "rushed" him and demanded money or favors, he was punished with segregation for two and a half weeks rather than his assailants (*Id.*); that Officer Martin placed him in jeopardy by telling the inmates in his housing unit that they were not going outside for recreation because of the Plaintiff (*Id.* at 6); that he has been forced to use bed sheets and towels with black mold on them (*Id.*); that he has never been given a free phone call (*Id.*); that Officer James threatened him with lockdown because the Plaintiff would not submit to a T.B. inoculation (*Id.*); and that when the Plaintiff suffered a "panic attack", nurse Amanda "knew about it and did nothing" (*Id.*).

In addition, the Plaintiff complains about dust and mold in the vents; bugs "coming out of the drains", improper ventilation ("sewage smell in the pod")(*Id.*); Plaintiff was forced to sleep on the floor for nearly three months (*Id.* at 7); there is no equipment for outdoor recreation (*Id.*); the food is nutritionally inadequate (*Id.*); and there are no newspapers available to the inmates (*Id.*).

As a preliminary matter, the Court notes that the Plaintiff has named the Giles County Jail

as a defendant. A county jail or workhouse, though, is not a person that can be sued under 42 U.S.C. § 1983. Grimmett v. Wilson County Jail, 2015 WL 787228 (M.D. Tenn.); Staggs v. Lewis County Jail, 2009 WL 3877682 (M.D. Tenn.). Therefore, the claims against this defendant are hereby **DISMISSED**. 28 U.S.C. § 1915(e)(2).

The remaining defendants, Sheriff Helton and Administrator Maddox, are supervisory personnel. They are never mentioned by the Plaintiff in his Statement of Facts (Doc. No. 1 at 5-7). The Plaintiff can not sue a defendant solely because of his/her status as a supervisor. 42 U.S.C. § 1983 will not support a claim posed on a respondeat superior theory of liability. Polk County v. Dodson, 454 U.S. 312,325 (1981). Where there is no allegation of participation, either directly or indirectly, by a supervisor in an allegedly wrongful act, the Complaint fails to state a cause of action against that defendant upon which relief can be granted. *See* Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir.1982), *cert. denied*, 460 U.S. 1086 (1983).

There are no factual allegations in the Complaint from which the Court could infer that Sheriff Helton and Administrator Maddox participated in any way in Plaintiff's placement in segregation for two and a half weeks, Officer Martin's attempt to place Plaintiff's life in jeopardy, Officer James' threat to place Plaintiff in lockdown, nurse Amanda's refusal to treat the Plaintiff's "panic attack" and the denial of a free phone call. Because the remaining defendants were not involved in these alleged acts of misconduct, these claims are also DISMISSED. 28 U.S.C. § 1915(e)(2).

The Eighth Amendment imposes upon a county an obligation to provide its prisoners with reasonably adequate food, clothing, shelter, sanitation, recreation and medical care. Grubbs v. Bradley, 552 F.Supp. 1052, 1119-1124 (M.D. Tenn.1982). The failure to provide such necessities

3

is a violation of an inmate's right to be free from cruel and unusual punishment. Bellamy v. Bradley, 729 F.2d 416 (6th Cir.1984).[1] Sheriff Helton and Administrator Maddox, as supervisory personnel, are expected to act on behalf of the county to provide the Plaintiff with such necessities. The Plaintiff has alleged several deficiencies in the food, shelter, sanitation and ventilation at the Giles County Jail. Thus, the Court finds that the Plaintiff has stated a colorable conditions of confinement claim for relief against Sheriff Helton and Administrator Maddox.

Accordingly, the Clerk is instructed to send the Plaintiff a service packet (a blank summons and USM 285 form) for Sheriff Helton and Administrator Maddox. The Plaintiff will complete the service packets and return them to the Clerk's Office within twenty one (21) days of the date of receipt of this order. Upon return of the service packets, **PROCESS SHALL ISSUE** to the defendants.

The Plaintiff is forewarned that the failure to return the completed service packets within the time required could jeopardize his prosecution of this action. He is also forewarned that his prosecution of this action will be jeopardized should he fail to keep the Clerk's Office informed of his current address.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule

---

[1] While the Eighth Amendment does not apply to pre-trial detainees, the Due Process Clause of the Fourteenth Amendment does provide them with all rights that are analogous to a prisoner's rights under the Eighth Amendment. Gray v. City of Detroit, 399 F.3d 612, 615-616 (6th Cir. 2005).

72(b), Fed.R.Civ.P., and the Local Rules of Court. The Magistrate Judge may recommend the dismissal of any claim for the reasons set forth in 28 U.S.C. § 1915(e)(2).

The Clerk is instructed to send a copy of this order to the Sheriff of Giles County to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE